UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN GODFREY,<br><br>       Plaintiff,<br><br>-against-<br><br>WUNDERMAN, STEVE ZAMMARCHI, and JOHN DOES AND JANE DOES (1-5),<br><br>       Defendants. | Civil Action No. 07-cv-10686 (FM)<br><br>ECF Case<br><br>**COMPLAINT AND<br>JURY DEMAND** |

Warren Godfrey (referred to in the Complaint as "Godfrey"), by his attorneys, Seiden Wayne LLC, complaining against defendants Wunderman and Steve Zammarchi ("Zammarchi") alleges as follows:

### NATURE OF ACTION

1. This is an action for discrimination in employment on account of age, under the 29 U.S.C. Section 621 et seq., the Age Discrimination in Employment Act (hereinafter "ADEA"), as amended.

2. Godfrey also makes a claim for discrimination on account of age under the Court's supplemental jurisdiction based upon the New York State Human Rights Law, New York Executive Law Section 296 and the New York City Administrative Code Sections 8-502, et seq.

3. Godfrey filed a timely claim with the EEOC and was given an early right to sue letter on October 17, 2007, a copy of which is annexed hereto as Exhibit A.

959682-1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 1343(a)(4). This Court has supplemental jurisdiction over the related age discrimination claims under New York State and New York City laws pursuant to 28 USC §1367(a).

5. Because all of the occurrences giving rise to these claims occurred within this judicial district, venue is properly placed herein in accordance with 28 U.S.C 1391(b) and (c).

## PARTIES

6. Godfrey is an individual residing at 40 Hampton Place, Nutley, New Jersey.

7. Wunderman is a corporation with its Global Headquarters located at 285 Madison Avenue, New York, New York.

8. Zammarchi is a Managing Partner, Corporate Development at Wunderman, New York, New York. At all times relevant hereto and until upon information and belief, October 2007, Zammarchi was the President of Wunderman, in New York.

## FACTUAL BASIS UNDERLYING CLAIMS

9. Godfrey became employed by Wunderman, a direct marketing business, on May 8, 1995 as a Senior Art Director.

10. During the course of his employment with Wunderman, Godfrey received positive performance reviews and promotions and salary increases. In fact, during the course of his employment, Godfrey was promoted to the position of Creative/Art Supervisor and Vice President.

11. On or about August 1, 2006, Wunderman offered Godfrey an "early severance package." At that time, Godfrey was 69 years of age and held the title of Creative/Art Supervisor and Vice President. Godfrey's then supervisor, Peter White, Executive Vice

President and Creative Art Director, told Godfrey that Godfrey's salary and title were too expensive and that he would have to be let go.

12. Godfrey declined the early severance package, but accepted a demotion and a large cut in pay in lieu of termination in order to keep his job at Wunderman. Accordingly, Godfrey's salary was reduced from $102,000 to $80,000 and his title reflected a demotion to Senior Art Director. Godfrey was forced to give up his office and work in a cubicle.

13. Upon information and belief, Zammarchi was aware of, approved of, and/or directed White on behalf of Wunderman to take this action against Godfrey. Upon information and belief, at that time, Zammarchi was in charge of the New York Office. In a press release dated October 10, 2007 on the Wunderman website states, Wunderman states that "Steve took over New York more than two years ago and was instrumental in bringing key leaders to the organization."

14. On or about September 8, 2006, Godfrey learned that his prior position of Art Supervisor had been given to Kevin Carlisle ("Carlisle"), a freelance art director at the company at the time that he was the Creative/Art Supervisor and Vice President.

15. Carlisle was either hired and/or promoted simultaneous with and/or shortly after Godfrey was forced to accept either an early severance or accept a demotion and cut in pay. At that time, Carlisle took over Godfrey's position as the Creative/Art Supervisor on the Citibank Account.

16. Godfrey learned of that he was replaced by Carlisle when he was provided with the company's organizational chart in September 2007. That chart was e-mailed to Godfrey by Andy Acheson, Creative Services Director. See, Wunderman Organizational Chart, annexed hereto as Exhibit B.

17. Upon information and belief, Carlisle was under the age of 40 when he replaced Godfrey.

18. Upon information and belief, when Carlisle was given Godfrey's title, Carlisle was making more than the $80,000 that Godfrey was forced to accept in order to continue working at Wunderman. In fact, Carlisle's salary is $110,000--$8,000 more than Godfrey was making in the same position, and $28,000 more than Godfrey earns at the present time.

19. Upon information and belief, Zammarchi was aware of, approved of, and/or directed Carlisle to be hired and/or promoted to replace Godfrey.

20. Wunderman has engaged in a pattern of conduct of age discrimination. In or about August 2006, Wunderman similarly offered an early severance package to another employee, Eugene Tashoff, age 70. That employee is also working under the terms of a cut in pay.

21. Further evidence of the discrimination against older employees, at an agency meeting on Friday, May 11, 2007, promotions were announced. One of the recipients of a promotion was a Senior Art Director, Renee McElroy, who was promoted to the title of Supervisor. McElroy, is upon information and belief, in her early 30's.

22. At no time to the present, has Godfrey been offered reinstatement to his prior position of Creative/Art Supervisor.

23. Wunderman and/or Zammarchi have discriminated against Godfrey, and continue to discriminate against Godfrey to this date, on the basis of his age.

24. Godfrey is forced to continue working under the terms of a demotion and cut in pay.

## FIRST COUNT

### Age Discrimination Under ADEA
### Against Defendant Wunderman and Zammarchi

25. Godfrey realleges each and every allegation contained in paragraphs 1 through 24 as if the same were fully set forth at length herein.

26. Wunderman and Zammarchi's actions in discriminating against Godfrey based on his age are violative of the ADEA.

WHEREFORE, Godfrey demands judgment against Wunderman and Zammarchi jointly and severally, for compensatory damages, injunctive relief, compensation for reduction in front pay and back pay, punitive damages, attorneys fees, interest and costs of suit and such other damages as the Court deems just and proper.

## SECOND COUNT

### Age Under The New York State Human Rights Law
### Against Defendants Wunderman and Zammarchi

27. Godfrey realleges each and every allegation contained in paragraphs 1 through 26 as if the same were fully set forth at length herein.

28. Wunderman and Zammarchi's actions resulted in age discrimination in violation of The New York State Human Rights Law, New York Executive Law Section 296.

WHEREFORE, Godfrey demands judgment against Wunderman and Zammarchi jointly and severally, for compensatory damages, including injunctive relief, compensation for reduction in front pay and back pay, emotional distress damages, punitive damages, attorneys fees, interest and costs of suit and such other damages as the Court deems just and proper.

## THIRD COUNT

### Age Discrimination Under The New York City Human Rights Law
### Against Defendant Wunderman and Zammarchi

29. Godfrey realleges each and every allegation contained in paragraphs 1 through 28, as if same were fully set forth at length herein.

30. Wunderman and Zammarchi's actions against Godfrey constituted age discrimination in violation of The New York City Human Rights Law, New York City Administrative Code Sections 9-107 and 8-502.

WHEREFORE, Godfrey demands judgment against Wunderman and Zammarchi, jointly and severally, for compensatory damages, including injunctive relief, compensation for reduction in front pay and back pay, emotional distress damages, punitive damages, attorneys fees, interest and costs of suit and such other damages as the Court deems just and proper.

## JURY DEMAND

Godfrey hereby demands a trial by jury on all issues set forth herein pursuant to Fed. R. Civ. P. 38(b).

<div style="text-align:right">

SEIDEN WAYNE LLC
70 East 55th Street
New York, NY 10022
*Attorneys for Plaintiff*

By /s/ Robyn M. Gnudi (RMG-4316)

</div>

Dated: November 28, 2007

959682-1

6

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

Rodney Plummer
Investigator
Phone (212) 336-3767
Fax (212) 336-3790

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Seiden Wayne, LLC
Attorneys At Law
Two Penn Plaza East
Newark, New Jersey 07105
Attn: Robyn Gundi

Re: **Warren Godfrey v. Wunderman**
EEOC Charge No. 520-2007-01718

Dear Ms. Gundi:

This is to inform you that we have received your letter dated September 12, 2007 regarding the above captioned case.

Ordinarily a charging party of his/her counsel is not entitled to receive a Notice of Right to Sue upon request until the charge has been pending with the EEOC for at least 180 days. However, an early Notice of Right to Sue is authorized by 29 C.F.R. §1601.28(a)(2) if the Director determines that the Commission will not be able to complete its administrative process within 180 days of when the charge was filed.

We have reviewed the information provided in your charge and based upon our assessment, in accordance with the Commission's Priority Charge Processing Procedures, current office workload and staffing, we have determined that it is appropriate to issue a Notice of Right to Sue at this time.

Enclosed is your Notice of Right to Sue which allows you to file suit against the Respondent if Federal District Court. Upon receipt of this letter you may only pursue this matter by filing suit within 90 days, otherwise, your right to sue will be lost.

Sincerely,

10/17/07
Date

Rodney E. Plummer
Federal Investigator

cc: Warren Godfrey
 40 Hampton Place
 Nutley, New Jersey 07110

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Warren Godfrey<br>40 Hampton Place<br>Nutley, New Jersey 07110 | From: Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01718 | Rodney E. Plummer | (212) 336-3767 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ X ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  10/17/07
Spencer H. Lewis, Jr., District Director   (Date Mailed)

Enclosure(s)

| | |
|---|---|
| Respondent(s): Wunderman<br>285 Madison Avenue<br>New York, New York 10017<br>Attn: Director of Personnel | C/P Attny: Seiden Wayne, LLC<br>Attorneys At Law<br>Two Penn Plaza East<br>Newark, New Jersey 07105<br>Attn: Robyn Gundi |

# FACTS ABOUT FILING
# AN EMPLOYMENT DISCRIMINATION SUIT
# IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

- The **United States District Court for the Southern District of New York** is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester.

- The **United States District Court for the Eastern District of New York** is located at 225 Cadman Street in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk.

- The **United States District Court for the Western District of New York** is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates.

- The **United States District Court for the Northern District of New York** is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oncinda, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's *pro Se* Attorney has offices at 10 Broad Street in Utica New York.

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit **must** be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

Information Sheet (page 1 of 2)

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel. The appointment of counsel in any *pro se* complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $120.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association
(312) 988-5522

New York State Bar Association
(800) 342-3661

National Employment Lawyers Association Referral Service
(212) 819-9450

Your County, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. **If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.**

# EXHIBIT B

# CREATIVE DEPARTMENT



5/16/2007

853511_1

# MSN TRADE/OFFICE DEPOT



5/16/2007

# MICROSOFT SERVERS & TOOLS



Jim Schwenke is exploring the possibility of swapping of 1 AD and 1CW for 2 Designers and 1 Jr. CW. Currently working with Tom Watson to see if this is financially sound

5/16/2007

# CITI RETAIL

5/16/2007

# HP SHOPPING/HP ALLIANCES



5/16/2007



# CITICARDS



5/16/2007

# INTERACTIVE CREATIVE
# ALL ACCOUNTS



Numerous staffing requests for interactive staffing have been made. Org. chart will be updated as approvals are received.

5/16/2007