DAVIS & GILBERT LLP
Guy R. Cohen (gcohen@dglaw.com)
Heath J. Rosenthal (hrosenthal@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN GODFREY,<br><br>                                  Plaintiff,<br><br>     -against-<br><br>WUNDERMAN, STEVE ZAMMARCHI, and JOHN DOES AND JANE DOES (1-5),<br><br>                                  Defendants. | 07-CV-10686 (RMB)<br><br>**ANSWER OF DEFENDANT WUNDERMAN WORLDWIDE, LLC** |

Defendant Wunderman Worldwide, LLC, incorrectly named in the Complaint as Wunderman ("Wunderman"), by its attorneys, Davis & Gilbert, LLP, answers the Complaint as follows:

1.  Denies the allegations set forth in paragraph 1, except admits that plaintiff purports to proceed as stated therein.

2.  Denies the allegations set forth in paragraph 2, except admits that plaintiff purports to proceed as stated therein.

3.  Denies the allegations set forth in paragraph 3, except admits that plaintiff filed a claim with the EEOC and was given a right to sue letter on or about October 17, 2007; to the extent paragraph 3 contains legal conclusions, no response is required.

4.  Admits, as alleged in paragraph 4, that the Court has jurisdiction over this action.

5.  Denies the allegations set forth in paragraph 5, except admits that venue lies in this district.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.  Admits the allegations set forth in paragraph 7.

8.  Denies the allegations set forth in paragraph 8, except admits that Steve Zammarchi was President of Wunderman's New York Office from January 1, 2005 until October 2007.

9.  Denies the allegations set forth in paragraph 9, except admits that Wunderman engages in the business of direct marketing, and that plaintiff became employed by Wunderman on May 8, 1995 when he was fifty-eight (58) years of age.

10.  Denies the allegations set forth in paragraph 10, except admits that plaintiff received salary increases during the course of his employment with Wunderman and that Wunderman promoted plaintiff to Vice President when he was sixty-five (65) years of age.

11.  Denies the allegations set forth in paragraph 11.

12.  Denies the allegations set forth in paragraph 12, except admits that plaintiff accepted a change in title to Senior Art Director, and accepted a salary reduction from $102,000 to $80,000.

13.  Denies the allegations set forth in paragraph 13, except admits that a press release on the Wunderman website, dated October 10, 2007, states, in part, that "Steve took

over New York more than two years ago and was instrumental in bringing key leaders to the organization."

14. Denies the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16, except denies knowledge or information sufficient to form a belief as to whether Andy Acheson e-mailed Wunderman's organizational chart to plaintiff in September 2007.

17. Denies the allegations set forth in paragraph 17.

18. Denies the allegations set forth in paragraph 18.

19. Denies the allegations set forth in paragraph 19.

20. Denies the allegations set forth in paragraph 20, except admits that Eugene Tashoff accepted a change in title and accepted a salary reduction.

21. Denies the allegations set forth in paragraph 21, except admits that Renee McElroy was promoted from Senior Art Director to Creative Supervisor and is thirty-seven (37) years of age.

22. Denies the allegations set forth in paragraph 22, except admits that plaintiff's title has not been reinstated to Creative/Art Supervisor.

23. Denies the allegations set forth in paragraph 23.

24. Denies the allegations set forth in paragraph 24.

25. In response to paragraph 25, Wunderman repeats and realleges each of its responses to paragraphs 1 to 24 above.

26. Denies the allegations set forth in paragraph 26.

27. In response to paragraph 27, Wunderman repeats and realleges each of its responses to paragraphs 1 to 26 above.

28. Denies the allegations set forth in paragraph 28.

29. In response to paragraph 29, Wunderman repeats and realleges each of its responses to paragraphs 1 to 28 above.

30. Denies the allegations set forth in paragraph 30.

## AFFIRMATIVE DEFENSES

As further, separate, and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with plaintiff, Wunderman alleges as follows:

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred to the extent that they are not reasonably related to the allegations set forth in his EEOC charge.

### Third Affirmative Defense

3. Plaintiff's claims fail because all of Wunderman's actions with respect to plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

### Fourth Affirmative Defense

4. Plaintiff is not entitled to punitive damages or attorneys' fees or costs under the New York State Executive Law.

**WHEREFORE**, Defendant Wunderman requests that judgment be entered against Plaintiff Warren Godfrey as follows:

(1) Dismissing the Complaint in its entirety, with prejudice;

(2)   Awarding Wunderman its attorneys' fees, costs and disbursements incurred in defending this action; and

(3)   Awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 10, 2008

**DAVIS & GILBERT LLP**

By:  _/s/ Guy R. Cohen_
Guy R. Cohen (gcohen@dglaw.com)
Heath J. Rosenthal (hrosenthal@dglaw.com)
Attorneys for Wunderman Worldwide, LLC
1740 Broadway
New York, NY 10019
(212) 468-4800